762 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NDUF JAKUPAK, PETITIONER-APPELLANT,
v.
WILLIAM GRANT, RESPONDENT-APPELLEE.
 NO. 84-1449
 United States Court of Appeals, Sixth Circuit.
 3/25/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: LIVELY, Chief Judge; MARTIN and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Ndue Jakupak, appeals from the district court's denial of his second application for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254, challenging his February 21, 1977 jury conviction in a Michigan state court for second degree murder.
 
 
 2
 The record discloses that petitioner's wife, Marija Jakupak, died of strangulation early in the morning on September 8, 1976. At trial, two of the Jakupaks' neighbors testified that they heard screaming, arguing, gagging and choking sounds coming from the Jakupak's residence. Although the neighbors were unfamiliar with the Albanian language spoken by the Jakupaks, they testified that they identified the petitioner's voice at the time of the strangulation because they had heard him speak and yell on numerous previous occasions.
 
 
 3
 After petitioner's counsel failed to timely file an application for an appeal as of right, petitioner twice filed applications for delayed appeal with the Michigan Court of Appeals. Each time, the court of appeals denied the application 'for lack of merit in the grounds presented.' After each denial, petitioner sought leave to appeal from decision of the Michigan Supreme Court which denied the applications, noting that 'the questions presented should not be reviewed by this court.'
 
 
 4
 In his current application for a writ of habeas corpus, petitioner contends that the evidence is insufficient to support his conviction because the witnesses who identified his voice and suggested that he was the perpetrator of the crime, had no basis for identifying his voice. In petitioner's first habeas petition, he asserted that the evidence was insufficient to support his conviction because the witnesses who identified his voice did not understand the Albanian language.
 
 
 5
 The district court found that petitioner's present charge of sufficient evidence arising from the improper voice identification had been rejected in petitioner's first application for a writ of habeas corpus. The trial court concluded, that his claim was foreclosed from review under Rule 9(b), Rules Governing Section 2254 cases in the United States District Courts, 28 U.S.C. Sec. 2244(b), since Rule 9(b) permits the dismissal of a second successive petition for habeas corpus if it 'fails to allege new or different grounds for relief and the prior determination was on the merits . . .' In Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) the Supreme Court defined 'ground' as 'a sufficient legal basis for granting the relief sought by the applicant.' It explained that 'identical grounds may often be proved by different factual allegations' and that 'identical grounds may often be supported by different legal arguments.' 373 U.S. at 16. The addition of a new fact or legal argument to support petitioner's charge, therefore, does not transform the claim into a new 'ground'. Since the basis for petitioner's claim arising from the alleged insufficiency of evidence was decided on the merits in his previous habeas petition, the district court properly concluded that the claim was foreclosed from review.
 
 
 6
 Petitioner also contends that the trial judge erroneously shifted the burden of proof to him. A review of the instructions in their entirety, however, reveals that the instructions correctly conveyed to the jury the concept of reasonable doubt. See Holland v. United States, 348 U.S. 121 (1957).
 
 
 7
 Petitioner's final contention is that he was denied effective assistance of appellate counsel because his retained attorney failed to perfect a timely appeal. Petitioner, however, was able to challenge his conviction in state court, and the Michigan state courts twice decided that petitioner's allegations charging ineffective assistance of counsel lacked merit. Thus, petitioner received post-trial consideration by a state court of his assignments of error and suffered no injury as a result of any negligence on the part of his attorney. See Hollin v. Sowders, 81-5909 Ship op. (6th Cir. June 24, 1983).
 
 
 8
 Accordingly, for the reasons discussed above, the decision of the district court is hereby AFFIRMED.